Danny James SANDERSON, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Nov. 1, 1976.

Certiorari Denied by Supreme Court Dec. 6, 1976.

Walter C. Kurtz and Richard Schwartzberg, Legal Clinic, Univ. of Tenn., Knoxville, for appellant.

R. A. Ashley, Jr., Atty. Gen., Jack E. Seaman, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen. and Herbert S. Moncier, Asst. Dist. Atty. Gen., Knoxville, for appellee.

DUNCAN, Judge.

## OPINION

The appellant, Danny James Sanderson, was convicted in the Knox County Criminal Court (Division II) of incest and received a penitentiary sentence of not less than 5 years nor more than 10 years.

In this appeal, the appellant makes two assignments of error, the first of which attacks the alleged insufficiency of the evidence.

A review of the evidence shows that at the time of the present incident, the appellant and his wife were in the process of finalizing a divorce; the appellant having received custody of their 6 children. Danise Sanderson, the 12 year old victim, testified that on September 3, 1975, her father called her into his bedroom and, under threats of a whipping, forced her to disrobe and have sexual intercourse with him. She further testified that her father had had sexual intercourse with her on another occasion less than 2 weeks prior to the incident charged in the indictment, and at that time had threatened to kill her and her mother if she told anyone about the incident. However, the victim did tell her mother about the first incident a few days after it occurred, and as a result, the mother took her to Ft. Sanders Hospital to be examined.

After the incident on September 3, the victim went to the home of a neighbor, seeking help. The neighbor, Mrs. Patricia Oaks, testified that shortly before 10:00 p.m. on September 3, the victim came to her house screaming and beating· on the door. When Mrs. Oaks opened the door, the victim hugged her and said: "He did it again . . . you've got to help me he'll be after me." The victim then telephoned her mother and asked to be picked up. Mrs. Oaks further testified that the victim was crying, her face was red, and her hair "messed up."

Mrs. Dotsie Sanderson, the victim's mother, testified that her daughter telephoned her on September 3 and stated: "Mom, dad done it again." When Mrs. Sanderson arrived at Mrs. Oaks' house and saw her daughter, she described her as "just a nervous wreck. She was crying and going on."

Mrs. Sanderson then took her daughter to the East Tennessee Children's Hospital for an examination. A vaginal smear was taken and the results of that test were stipulated into evidence by both parties. The physician's report stated that the victim's

vagina contained male spermatozoa and that from his examination, he could testify that he was of the definite opinion that she had had sexual intercourse within the past 10 hours.

The appellant testified in his own behalf and denied having sexual intercourse with his daughter. He implied that his wife and daughter had collaborated in an effort to have him arrested. The appellant admitted leaving the state and going to Indiana shortly after the September 3 incident. At first he maintained that he did not leave because of his knowledge that a warrant had been taken out; however, on cross-examination he admitted that he left only after learning that the officers were looking for him.

The appellant's son, Rickie Joe Sanderson, testified and stated that his father had told him the night of the second incident that he was leaving because a warrant had been taken out for him.

■ A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and establishes their credibility. It also displaces the presumption of a defendant's innocence, and raises a presumption of his guilt, and thereby the onus is put upon him of showing that the evidence preponderates against the verdict and in favor of his innocence. *Anderson v. State*, 207 Tenn. 486, 341 S.W.2d 385 (1960).

■ From our review of the evidence, we find it to be strong and convincing to show the appellant's guilt. In our opinion the appellant has not carried his burden of showing that the evidence preponderates against his guilt and in favor of his innocence.

Next, the appellant argues that it was error for the trial court to allow evidence of a prior act of intercourse between him and the victim. During the trial, evidence was admitted to show that the appellant had committed a similar act of incest with the victim in August, 1975, less than 2 weeks prior to the incident involved in the present

prosecution. This evidence was properly admitted by the court.

■ "In a prosecution for incest, evidence of incest, with the same person, prior to or after the crime charged, is admissible." 1 Wharton's Criminal Evidence § 250, at 585 (13th edition 1972).

In *Sykes v. State*, 112 Tenn. 572, 576, 82 S.W. 185 (1903), which was a prosecution for violation of the age of consent statute, the state was allowed, over objection of the defendant, to prove other acts of sexual intercourse between the defendant and the victim therein, both prior and subsequent to the act on which the state elected for a conviction. While recognizing the general rule that evidence of offenses other than that for which the defendant is on trial should not ordinarily be introduced, the court said:

"But in a case like the one before us other acts of intercourse do illustrate and tend to prove the commission of the particular act of intercourse which the State has elected to try the prisoner on, because they show the relations—the state of intimacy—existing between the prisoner and the girl and tend to make very probable the commission of the crime charged."

In *Wilkerson v. State*, 208 Tenn. 666, 348 S.W.2d 314 (1961), which was a prosecution for assault and battery upon a female under 12 years of age with intent to carnally know her, evidence of two prior attempts by the defendant to have intercourse with the victim was admitted as corroborative of the offense charged.

Also, we note that in the present case, the trial judge instructed the jury as to how they should treat this evidence of the prior offense, admonishing them that they could consider it only "to shed light, if any" on the case being tried. This cautionary instruction by the trial judge parallels the language used by the trial court and approved by the Supreme Court in *Sykes v. State*, supra.

We find no error in this record. The appellant's assignments of error are over-

ruled and the judgment of the trial court is affirmed.

WALKER and TATUM, JJ., concur.