**STATE of Tennessee, Appellee,**

v.

**Raymond LOCKHART, Sr., Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

June 6, 1986.

Permission to Appeal Denied by Supreme Court July 28, 1986.

549

Arvin Reingold, Howell G. Clements, Reingold, Clements & Schulman, Chattanooga, for appellant.

W.J. Michael Cody, Atty. Gen., Charles E. Bush, Asst. Atty. Gen., Nashville, William Pope, Dist. Atty. Gen., Pikeville, Will Dunn, Mike Taylor, Asst. Dist. Attys. Gen., Dayton, for appellee.

## OPINION

### JOHN D. TEMPLETON, Special Judge.

Raymond Lockhart, Sr., was convicted of incest and sentenced to a term of 10 years imprisonment. On appeal he submits as issues that (1) he was prejudiced by the comment of a prospective juror on voir dire, (2) the testimony of a witness that he saw appellant commit a prior act of incest with the victim was inadmissible, (3) the testimony of the victim that appellant committed prior acts of incest with her was inadmissible, (4) the testimony of a deputy sheriff detailing the victim's report of the crime and prior relationship was inadmissible, and (5) the testimony of a physician that it was possible for a five or six year old girl to have sexual intercourse was inadmissible. We resolve the issues against appellant and affirm the judgment.

Appellant resided with his family in a trailer home on Cagle Mountain in Sequatchie County. His family at the time consisted of his wife and four teenage children, three boys and one girl. His daughter, 17 years of age, testified that in the early morning of September 27, 1984, while other family members were absent from the trailer, appellant had sexual intercourse with her. She testified that he had been having sexual relations with her since she was five or six years old. She had not reported the relationship to anyone except possibly some cousins. On September 29, 1984 she reported it to Officer Terry Dendy, previously a deputy sheriff of the County but at the time of the report a Decherd police officer. Officer Dendy testified about the report which was substantially the same account she gave at the trial. A physician examined the girl on October 1, 1984 and testified that her condition was compatible with having had repeated sexual intercourse for some period of time. Bill Stephens, a 65 year old disabled neighbor, testified that he saw appellant having sexual intercourse with the victim in a barn near the trailer on May 4, 1984. Appellant testified and denied the allegations. The testimony of family members and relatives tended to support appellant's denial. There was evidence, including some letters

the victim wrote, that indicated she recanted after lodging the complaint with the authorities. The jury chose to believe the state witnesses and convicted appellant. The judge approved the verdict.

■ During voir dire a prospective juror responded to the state's interrogation that appellant "is not a friend of mine" and indicated she could not put aside her view. Whereupon the judge said, "You don't think you could?" The prospective juror replied, "No sir. There was an incident years ago that apparently I thought was passed, but today has just brought it back. I'm sorry I don't think I could be neutral to Mr. Lockhart". The judge excused her. Appellant argues he was prejudiced by the statements thus made in the presence of other prospective jurors and the judge should have ordered a mistrial.

The nature of the "incident years ago" was not further described. The remark revealed only in a general way the reason why the prospective juror thought she could not be "neutral to Mr. Lockhart". Also, it appears that appellant made no contemporaneous objection or motion for a mistrial and the matter is deemed waived here. *State v. Pritchett,* 621 S.W.2d 127 (Tenn.1981).

In support of his claim that the testimony of Bill Stephens and the victim concerning prior acts of incest is inadmissible, appellant relies on the rule that evidence the accused committed crimes other than the one charged in the indictment may not be introduced if the only relevancy is to show propensity or disposition to commit crime. He points out that there was no issue on identity or intent on which to fashion an exception. He further submits the judge was bound to determine whether proof of the other crimes was clear and convincing and whether the prejudicial effect outweighed probative value. As authority for excluding such proof he relies on *State v. Parton,* 694 S.W.2d 299 (Tenn.1985), (in trial for rape of one child, proof of rape of another); *Dix v. State,* 4 Tenn.Cr.App. 412, 472 S.W.2d 243 (1971), (in trial for sexual assault on one, proof of sexual assault on another); *Shockley v. State,* 585 S.W.2d

645 (Tenn.Cr.App.1978), (trial for rape of one, proof of rape of another); and *State v. Harris*, 189 Tenn. 635, 227 S.W.2d 8 (1950), (trial for rape of one, proof of rape of another).

■ The testimony of Stephens and the victim was not proof of incest with another, was proof of acts of incest with this victim. The general rule is that in a prosecution for incest, evidence of acts of incestous intercourse between the parties other than the act charged in the indictment or information, is admissible for the purpose of showing the relationship of the parties and the incestous disposition of the accused toward the victim, and to corroborate the proof of the act relied upon for conviction. 41 Am.Jur.2d, Incest, Sec. 17. In *Sanderson v. State*, 548 S.W.2d 337 (Tenn.Cr.App.1976), it was held that a prior act of incest with the victim was admissible. The court approved the general rule as stated in a work on criminal evidence.

> In a prosecution for incest, evidence of incest, with the same person, prior to or after the crime charged, is admissible. (Wharton's Criminal Evidence, § 250 at 585 (13th edition 1972).

548 S.W.2d at 339. In *Martin v. State*, 584 S.W.2d 830 (Tenn.Cr.App.1979), it was held that the testimony of the victim and other witnesses that the accused committed prior incestous acts with the victim was properly admitted. We conclude the testimony of Stephens and the victim concerning the prior relationship was not objectionable.

Appellant submits that the testimony of Officer Dendy in which he related the victim's report should not have been admitted because of the lapse of time and the circumstances intervening between the crime and the report. The crime occurred September 27 at about 6:00 a.m. The report to Officer Dendy was made September 29 in the afternoon and he reduced it to writing about 7:15 p.m. In between the victim attended school, spent one night at home, and worked in the family occupation of cutting wood. There was evidence that her conduct at home was in all respects normal. Appellant insists that under these conditions her report was hearsay that should have been excluded.

■ Since early in the history of our state it has been held that in rape cases where the injured party is examined as a witness, her statement of the complaint, made recently after the offense, is admissible to confirm her credibility. *Phillips v. State*, 28 Tenn. 246 (1848). Such a declaration is regarded only as corroborative of her testimony and not as evidence of the crime. *Klaver v. State*, 503 S.W.2d 946 (Tenn.Cr.App.1973). In criminal assault cases the details of the statement are admissible when made within a reasonable time. *Johnson v. State*, 201 Tenn. 11, 296 S.W.2d 832 (1956). We think the rules are applicable to an incest case.

■ It is true that there was a lapse of some two and a half days between the crime and the report during which the victim's conduct might have appeared normal. But the proof revealed other facts that must be considered to see whether the statement was close enough to the crime and sufficiently connected with it to bring the statement within this exception to the hearsay rule. To begin with, the victim was poorly educated and handicapped by poverty and ignorance. There was evidence the appellant forced the victim to comply with his demands and that she was afraid to disclose the relationship for fear of harm. The relationship was odious to her and she felt trapped. She was not permitted to have dates with boys. On the morning of the crime she obtained permission to stay the next night with another girl and did not spend that night at home. She pretended to but did not attend school the next day. When she came home she brought another girl with her who stayed that night. The following day she arranged for a friend to transport her to see Officer Dendy. During her report to Officer Dendy she was highly upset. It appears she was placed immediately in charge of Human Services and put in a foster home.

We think that taking these facts into account, the report was made to Officer Dendy within a reasonable time. The cir-

cumstances were such that her statement flowed out of the crime committed against her and was uttered while she was laboring under the excitement and strain of the crime and at a time so near to it as to preclude the idea of deliberation and fabrication. In our opinion Officer Dendy's testimony was admissible.

The physician's testimony that it was possible for a five or six year old girl to have sexual intercourse was the opinion of an expert witness. Such evidence is to be given whatever weight and value the jury may determine. *Edwards v. State*, 540 S.W.2d 641 (Tenn.1976). We think the evidence was admissible.

All of the issues are decided against appellant and the judgment is affirmed.

DUNCAN and TATUM, JJ., concur.