STATE of Tennessee, Appellee,

v.

James Russell GANN, Appellant.

Court of Criminal Appeals of Tennessee, Knoxville.

Jan. 13, 1987.

Permission to Appeal Denied by Supreme Court May 11, 1987.

---

William H. Ortwein, W. Gerald Tidwell, Jr., Ortwein & Associates, P.C., Chattanooga, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Kathy M. Principe, Asst. Atty. Gen., Nashville, Stanley J. Lanzo, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

* The sentence for rape was set by the jury because that offense occurred prior to the Sentencing Reform Act.

## OPINION

BYERS, Judge.

The defendant was convicted of aggravated rape and sentenced to serve ninety-nine years and one day. He was also convicted of aggravated sexual battery and sentenced to serve twelve years.*

The judgments are affirmed.

The defendant raises seven issues on appeal, including an attack upon the sufficiency of the evidence.

■ The critical evidence for the state was given by two young boys concerning sexual activities between themselves and the defendant, activities which occurred in one of the cases some five years prior to trial and in the other more than a year prior to trial. As is generally the case, these young boys were not certain about many of the details surrounding the sexual activity. Nonetheless, their testimony was certain that the defendant had committed anal intercourse on one of the boys in 1980 and had attempted to or did commit fellatio upon the other in 1984.

Both of these boys, as the jury could find from the evidence, were under the age of thirteen when these acts were committed.

The defendant offered witnesses who contradicted the testimony of these boys concerning the place and opportunity for the defendant to have committed these crimes.

The defendant himself testified and denied all the acts claimed by the boys.

The evidence presented a classic situation for the application of the rule that it is for the jury to determine the credibility of witnesses and resolve the disputes in the testimony of the witnesses. The jury, by their verdict, has accepted the state's theory of the case and rejected the defendant's theory.

On appeal, we may not re-weigh the evidence but may examine it only to determine if there is sufficient evidence for a jury, acting rationally, to find guilt beyond a

reasonable doubt. We have reviewed this evidence in that light and find there is sufficient evidence.

The state introduced a photograph of the two boys and their sisters made about the time the 1984 offense occurred. The defendant says this photograph had no probative value and its inflammatory effect requires the granting of a new trial.

■ It is for the trial judges, in their discretion, to determine whether to admit a photograph into evidence. *Cagle v. State*, 507 S.W.2d 121 (Tenn.Cr.App.1973). To be admissible, photographs must be relevant to some issue at trial and their probative value must outweigh their undue prejudicial effect, if any. *State v. Banks*, 564 S.W.2d 947 (Tenn.1978).

■ The state offered this photograph to show the size and apparent age of the boys at the time of the most recent alleged offense. The trial judge found the evidence admissible on this matter and found it was not unduly prejudicial. We agree with the trial judge's finding and hold there was no error in the admission of these photographs. Indeed, from the standpoint of prejudice, the photographs can be said to be innocuous.

■ The defendant says also that the state on two occasions made prejudicial argument to the jury. In one instance, the state's attorney asked, "Could [the defendant] come to your front door?" and in another, he asserted that despite the overcrowded conditions the state would make room in the penitentiary for the defendant.

In both instances, the trial judge sustained the defendant's objection and instructed the jury to ignore the remarks. We see no prejudice to the defendant in either of these remarks and do not find they in any way denied him a fair trial. In order to prevail on this complaint the defendant must show he was unfairly prejudiced by the remark. He has not done so and is entitled to no relief on this issue.

■ The defendant says the sentence of ninety-nine years and one day is excessive and violates the eighth amendment to the United States Constitution, which prohibits cruel and unusual punishment. The punishment for the offense of aggravated rape is not less than twenty years nor more than life. The sentence fixed by the jury is within this range and cannot be said to violate the constitution or to be excessive. This sentence is not subject to de novo review under the Sentencing Reform Act.

We find no merit to the complaint that the state was allowed to show acts of sexual contact by the defendant with these boys other than those alleged in the indictment.

■ Evidence of other, similar acts between the same parties is admissible in the trial of the case if relevant to issues on trial and if the probative value outweighs the prejudicial effect thereof. *Wilkerson v. State*, 208 Tenn. 666, 348 S.W.2d 314 (1961).

■ In cases of this nature, we have held other acts of sexual contact between an accused and the alleged victim are admissible to show the state of intimacy between them and to explain the circumstances surrounding the act charged in the indictment. *Sanderson v. State*, 548 S.W.2d 337 (Tenn.Cr.App.1976).

We do not read the recent opinions in *State v. Parton*, 694 S.W.2d 299 (Tenn. 1985), and *State v. Burchfield*, 664 S.W.2d 284 (Tenn.1984), as altering this rule. In these more recent cases, the evidence held inadmissible showed sexual conduct between the defendant and a person other than the victim in the case. In one instance the conduct was so remote in time as to have no probative value.

■ The defendant further contends a mistrial should have been granted when the trial court dismissed one of the rape charges at the end of the state's proof, because the jury had heard evidence of sexual contact on this charge.

For the same reason the defendant is not entitled to a new trial on the introduction of evidence of other sexual acts, there is no basis for granting a new trial on this issue.

■ The defendant says the charge of aggravated rape cannot stand because the

evidence shows there was an act of anal intercourse. He reasons that because such conduct is addressed by the statute prohibiting crime against nature, T.C.A. § 39–2–612, the state is limited to a prosecution under that statute.

The argument ignores the proposition that crimes against nature involve consensual acts. In this case, because the boy was under the age of thirteen at the time, the law imposes resistance to the act and it is not a consensual act but one of force. The defendant was properly prosecuted for and convicted of aggravated rape.

CORNELIUS and JONES, JJ., concur.