**STATE of Tennessee, Appellee,**

v.

**Anthony WILLIAMS, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Nov. 22, 1988.

Permission to Appeal Denied by Supreme Court April 3, 1989.

Mark W. Fowler, Union City, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Norma Crippen Ballard, Asst. Atty. Gen., Nashville, David G. Hayes, Asst. Dist. Atty. Gen., Union City, for appellee.

## OPINION

REID, Judge.

This case presents an appeal as of right from a conviction of aggravated rape, found to be an especially aggravated offense, and a Range II sentence of 45 years.

Appellant assigns for review denial of Appellant's request that the victim's testimony be video taped prior to trial, sufficiency of the evidence, admission of evidence of a prior sexual act with the victim, denial of request for accomplice instruction, failure to give specific instruction with regard to the defendant's credibility as a witness, and the sentence.

The record does not show reversible error. The sentence is appropriate.

## MOTION TO VIDEO TAPE

 Appellant made a pre-trial motion that the testimony of the victim to be introduced at trial be taken by video tape pursuant to T.C.A. § 24–7–116. Appellant contends that one purpose of the statute is "to provide a greater scope of discovery." The court did not determine if Appellant was entitled to use the procedure for discovery, but denied the motion on the ground that the physical facilities available to the court were not adequate to insure strict compliance with the statute and the welfare of the victim did not require that the procedure be followed.

The statute was not enacted to provide discovery for the accused and the appellant was not entitled to invoke its provisions for that purpose. If the motion was for any purpose recognized by the statute, Appellant has not shown prejudice.

## SUFFICIENCY OF THE EVIDENCE

The crime occurred in a house occupied by a grandmother, her two adult daughters, their eight children, including the eight year old victim, and the appellant, the victim's mother's boyfriend.

 The victim, who still was eight years of age when the case was tried, gave an artless account of two coerced acts of fellatio on the same evening, which account was substantially corroborated by the eyewitness testimony of her 10 and 11 year old cousins, her immediate account of the occurrence and the appellant's conduct when accused. [Pretermitted is whether corroboration is required. *See* Paine, *Tennessee Evidence* (Supp.1988) § 155, p. 109.] Con-

trary to Appellant's insistence, "his thing" is an adequate description in this case of the portion of the appellant's body involved in the acts. The evidence is sufficient to support the verdict of guilt beyond a reasonable doubt. Rule 13(e), T.R.A.P.

### ACCOMPLICE INSTRUCTION

■ The trial judge properly refused to charge the jury with regard to accomplice, because there was no evidence that the victim was an accomplice. Appellant's contention was that the criminal acts did not occur. The record shows that the acts were accomplished by "coercion" according to both definitions of that term in T.C.A. § 39-2-602(1). Appellant, as live-in boyfriend of the victim's mother, exercised "custodial authority" over the victim and the victim participated because she was afraid to disobey.

### PRIOR ACT

■ After the victim had testified to the acts on which the conviction is based, the district attorney general asked, "Has he ever made you do this before?", to which she replied in the affirmative.

Evidence of the prior act is admissible to show the "state of intimacy" between the appellant and the victim. *Sykes v. State,* 112 Tenn. 572, 82 S.W. 185 (1904); *State v. Gann,* 733 S.W.2d 113 (Tenn.Crim.App. 1987); *Martin v. State,* 584 S.W.2d 830 (Tenn.Crim.App.1979); *Sanderson v. State,* 548 S.W.2d 337 (Tenn.Crim.App.1976).

### CREDIBILITY INSTRUCTION

The trial judge did not give the last paragraph of Tennessee Pattern Jury Instructions—Criminal 37.01, regarding the credibility of witnesses, which states: "The defendant having testified in his own behalf, his credibility is determined by the same rules by which the credibility of other witnesses is determined and you will give his testimony such weight as you may think it is entitled." Appellant contends that the jury was "without guidance as to how to consider the accused's testimony."

■ The general instruction given by the court was applicable to "the witnesses" without limitation. The omitted portion states only that the same rules apply to the defendant's testimony. In *State v. Frazier,* 683 S.W.2d 346 (Tenn.Crim.App.1984), the defendant charged as error the instruction which was requested in the case before the Court on the ground that it was a comment upon the evidence. The court held that giving the instruction was not error; however, the court did not indicate that it was mandatory. The applicable rules, as stated in *Frazier,* are that jurors are the sole and exclusive judges of the credibility of all witnesses and when a general instruction covers the issue raised refusal to give another instruction on the same issue is not error. *See State v. Keele,* 644 S.W.2d 435 (Tenn.Crim.App. 1982). In addition, Appellant has not directed the attention of the Court to any fact or circumstance suggesting prejudice resulting from failure to give the additional instruction. Rule 36(b), T.R.A.P.; *Harper v. State,* 206 Tenn. 509, 334 S.W.2d 933 (1960).

### SENTENCE

The Range II sentence for aggravated rape is 40 years to 60 years "or more or life imprisonment." T.C.A. §§ 39-2-603, 40-35-109(b), (d)(1) (Supp.1988). Appellant was sentenced to 45 years.

■ The appellant was convicted on an indictment charging sexual penetration of a child less than 13 years of age, and, on notice pursuant to T.C.A. § 40-35-202(a), was found to be guilty of an especially aggravated offense because the crime was committed while on probation. Probation was granted by the State of Kentucky after Appellant served less than three months of a one year sentence for theft.

According to the pre-sentence report Appellant is 32 years of age, he is divorced, his prior criminal record in addition to the theft is a juvenile conviction for house breaking and larceny when he was 13, he graduated from high school where he excelled in athletics, he has been regularly employed since graduation, he has no medi-

cal problems, he is not addicted to alcohol or drugs.

The report also shows that the victim was not injured physically during the commission of the crime, supervision by the Department of Human Services has been discontinued, and, according to her mother, she is "doing fine and is adjusting well."

The statutory enhancement factors are: Appellant has a previous history of criminal convictions, he has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community, the victim was particularly vulnerable because of her age, and the offense involved a victim and was committed to gratify defendant's desire for pleasure. The only statutory mitigating factor is Appellant's conduct neither caused nor threatened serious bodily injury to the victim.

Upon a *de novo* review of the record without a presumption of correctness and according to the principles and procedure set forth in the Criminal Sentencing Reform Act, as interpreted by the Supreme Court in *State v. Moss,* 727 S.W.2d 229 (Tenn.1986), the sentence which is no greater than that deserved for the offense committed nor less than that necessary to achieve the purpose for which the sentence is imposed is 45 years.

The conviction and the sentence are affirmed.

DUNCAN and JONES, JJ., concur.