# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY 1998 SESSION

FILED

June 25, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **JAMES RUSSELL GANN,** | ) | No. 03C01-9707-CR-00274 |
| Appellant, | ) | |
| | ) | Morgan County |
| vs. | ) | |
| | ) | Honorable E. Eugene Eblen, Judge |
| **STATE OF TENNESSEE,** | ) | |
| | ) | (Habeas Corpus) |
| Appellee. | ) | |

FOR THE APPELLANT:                    FOR THE APPELLEE:

PRO SE                                          JOHN KNOX WALKUP
                                                     Attorney General & Reporter

                                                     TIMOTHY E. BEHAN
                                                     Assistant Attorney General
                                                     Cordell Hull Bldg., Second Floor
                                                     425 Fifth Avenue, North
                                                     Nashville, TN 37243-0493

                                                     CHARLES E. HAWK, JR.
                                                     District Attorney General

                                                     FRANK HARVEY
                                                     Assistant District Attorney
                                                     P. O. BOX 703
                                                     KINGSTON, tn 37763

OPINION FILED:_____

AFFIRMED

WILLIAM B. ACREE, JR.
SPECIAL JUDGE

OPINION

The appellant, James Russell Gann, appeals as of right the trial court's dismissal of his petition for a writ of habeas corpus. We affirm the trial court.

In 1985, the appellant was convicted of aggravated rape and aggravated sexual battery. The controlling sentence was 99 years and one day. The convictions were upheld on direct appeal. See State v. Gann, 733 S.W.2d 113, (Tenn.Crim.App. 1987). The appellant then filed a petition for post-conviction relief which was denied. That decision was upheld in State v. Gann, (Tenn.Crim.App. 1988, LEXIS 714).

The first issue presented for review is that the indictments did not allege a culpable mental state and are therefore invalid. The appellant relies upon this Court's decision in State v. Roger Dale Hill, (No. 01C01-9508-CC-00267 (Tenn.Crim.App.), filed June 20, 1996, at Nashville).

The appellant's reliance upon this case is misplaced. This decision was reversed by the Supreme Court at State v. Hill, 954 S.W.2d 725 (Tenn. 1997).[1]

_____

[1]Before the Supreme Court's reversal of Hill, this issue was addressed by this Court several times. See Hatton v. State, (No. 02C01-9611-CC-00407, Tenn.Crim.App., filed February 19, 1997, at Jackson; Smith v. Compton (No. 02C01-9701-CC-00018, Tenn.Crim.App., filed April 3, 1997, at Jackson; Gooch v. Compton (No. 02C01-9612-CC-00465, Tenn.Crim.App., filed March 13, 1997, at Jackson; Smith v. Hessing, (No. 02C01-9708-CC-00311, filed December 11, 1997, at Jackson; Nowell v. Compton (No. 02C01-9612-CC-00464, Tenn.Crim.App., filed April 9, 1997, at Jackson. In these cases, we held that the petitioners could not rely upon Hill because (1) the sufficiency of an indictment cannot be tested in a habeas corpus proceeding, (2) Hill applies to crimes committed after the 1989 amendments to the criminal code, and (3) if Hill did apply, the indictments in these cases were sufficient under the law existing at the time. The facts in Nowell v. Compton are identical to the facts herein. We held:

"The indictments at issue before us charged that the petitioner "did unlawfully and feloniously sexually penetrate [the victim, a person] less than thirteen (13) years of age" and "did unlawfully and feloniously have sexual contact with [the victims, persons] less than thirteen (13) years of age." This language was sufficient under the law as it existed at the time. As noted above, the Criminal Code did not contain a provision similar to § 39-11-301 (c) (1989). The statutory requirements for an indictment were found in § 40-1802 (now § 40-13-202 (1990)), which provided simply that:

The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Furthermore, in Campbell v. State, 491 S.W.2d 359, 361 (Tenn. 1973) (emphasis supplied), while addressing the sufficiency of an indictment charging the offense of murder, our Supreme Court stated the following:

While it seems clear that the indictment in Witt was insufficient in that it failed to

The appellant also contends that he is entitled to relief because (1) the trial court erred in dismissing his petition without a hearing; (2) the trial court erred in failing to appoint counsel; (3) the affidavit of complaint and arrest warrant were invalid and void; and (4) the trial court erred in charging the jury with unconstitutional jury instructions.

The law controlling these issues is well established in Tennessee.

"The remedy of habeas corpus is limited to cases where the judgment is void or the term of imprisonment has expired." Passarella v. State, 891 S.W.2d 619, 626 (Tenn.Crim.App. 1994). "If the issue is an abridgement of a constitutional right, then the remedy is through the Post-Conviction Relief Act." Lewis v. Metro Gen. Sessions Ct., 949 S.W.2d 696, 699 (Tenn.Crim.App. 1996). "If the petition does not allege facts which would establish relief, then an evidentiary hearing is not necessary." Passarella, 891 S.W.2d, at 627, Russell v. Willis, 427 S.W.2d 529, 531 (Tenn. 1969). "It is elementary that a habeas corpus petition may be dismissed without a hearing, and without the appointment of counsel for a hearing, unless it alleges facts showing the denial of state or federal constitutional rights or some fatal jurisdictional fault." State v. Henderson, 421 S.W.2d 635, 636-37 (Tenn. 1967). "If the affidavit of complaint and arrest warrant were invalid and void that would not prevent a valid judgment of conviction from being obtained." See State v. Compton, (No. 02C01-9602-CC-0043, (Tenn.Crim.App., filed August 2, 1996, at Jackson). "The only method of collaterally attacking a judgment because of constitutional deprivations occasioned by erroneous instructions is by petition for post-conviction relief." Turner v. State, (No. 01C01-9608-CC-00365 (Tenn.Crim.App., filed September 30, 1997, at Nashville).

There are no facts or allegations in the appellant's petition which if true

---

charge an element, that the murder was committed unlawfully, in either the language of the statute or common law or words of equivalent import, the decision is confusing because of the language, 'fatally defective in omitting the charge that the offense was committed feloniously, or with malice aforethought; and containing no words of equivalent import.' It is clear, however, that had the indictment used the words 'feloniously' or 'unlawfully', it would have been sufficient.

We agree with this proposition. By containing the words found in the language of the statute, the indictments at issue here sufficiently apprised the appellant of the offense charged under the law at the time, and is therefore valid. Thus, the petitioner's attack must fail."

would establish that the judgments are void or that the appellant has served his sentence. The dismissal of the petition for writ of habeas corpus is affirmed.

_____
WILLIAM B. ACREE, JR., SPECIAL JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
THOMAS T. WOODALL, JUDGE