IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 19, 2006 Session

## STATE OF TENNESSEE v. DONALD D. MATHIS a.k.a. MICHAEL D. MATHIS a.k.a. MICHAEL LEE DIXON

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2003-B-1222     Cheryl Blackburn, Judge**

_____

**No. M2005-02259-CCA-R3-CD - Filed June 28, 2007**

_____

The defendant, Donald D. Mathis a.k.a. Michael D. Mathis a.k.a. Michael Lee Dixon, was convicted of robbery (Class C felony) by a Davidson County jury and was subsequently sentenced to serve fifteen years in the Tennessee Department of Correction as a Range III, persistent offender. On appeal he contends that: (1) there was insufficient evidence to support his conviction; (2) the trial court erred in not suppressing his confession to police; (3) the trial court erred in allowing introduction of a surveillance photo; (4) the trial court erred in denying a requested jury charge; (5) the trial court erred in approving the jury verdict as the thirteenth juror; and (6) the trial court erred in sentencing the defendant to the maximum within his range. After careful review, we find no error and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Mike J. Urquhart, Nashville, Tennessee, for the appellant, Donald D. Mathis a.k.a. Michael D. Mathis a.k.a. Michael Lee Dixon.

Robert E. Cooper, Jr., Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Angelita Dalton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant was convicted of robbery after he entered a Mapco convenience store, followed a clerk behind the counter, grabbed the clerk by the collar, took cigarettes, and exited the store. He was subsequently arrested and provided a confession to police.

I. Motion for Judgment of Acquittal/Sufficiency

The defendant contends that the court erred in denying his motion for acquittal because he was not allowed to confront his accusers. He argues that the evidence was insufficient to convict him of robbery. The State argues that sufficient evidence was presented at trial for any rational juror to find beyond a reasonable doubt that the State proved each element of robbery. The State also argues that the defendant has not supported his contention that he was not allowed to confront his accusers and, therefore, this issue is waived.

Initially, we note that the State is correct in its assertion that the defendant has failed to support his claim that his right to confront his accusers was violated. The defendant has provided nothing in his brief to support his claim other than a statement that the victim did not appear as a witness. This issue is waived as the defendant has failed to cite authority to support his argument. Tenn. Ct. Crim. App. R. 10(b); State v. Schaller, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997).

Next, we address the defendant's claim that the evidence was insufficient to convict the defendant of robbery. When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Brewer, 932 S.W.2d 1, 18 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the State the strongest legitimate view of the evidence contained in the record, as well as all reasonable and legitimate inferences drawn from the evidence. State v. Elkins, 102 S.W.3d 578, 581 (Tenn. 2003).

The trier of fact, not this court, resolves questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence. Id. In State v. Grace, the Tennessee Supreme Court stated that "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d 474, 476 (Tenn. 1973).

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Grace, 493 S.W.2d at 476.

After careful review, we conclude that the evidence presented at trial was sufficient to sustain the defendant's robbery conviction. The defendant confessed that he went behind the counter,

grabbed the clerk by the collar, took cigarettes, and exited the store. The jury was shown a photograph of the defendant, taken from the store surveillance video, with his hands on the store clerk's neck. The jury was also able to review the video containing the defendant's confession. The defendant contends that no evidence was presented to corroborate his confession. We disagree. The photograph corroborates the defendant's confession. Corroboration of the corpus delicti may be achieved with circumstantial evidence alone. State v. Jones, 15 S.W.3d 880, 891 (Tenn. Crim. App. 1999). The State needs only "slight evidence . . . to corroborate a confession and sustain a conviction." State v. Smith, 24 S.W.3d 274, 281 (Tenn. 2000) (quoting State v. Driver, 634 S.W.2d 601, 606 (Tenn. Crim. App. 1981)).

The evidence was sufficient to support the finding of guilt as to the indicted offense of robbery.

II. Motion to Suppress

Next, the defendant contends that the trial court erred in denying his motion to suppress the statement he provided to the police after invoking his right to counsel. He argues that the court should have suppressed the statement because it violated his constitutional right to counsel. The State contends that the defendant waived his right to counsel by initiating further communication with the police after his conversation with his co-defendant.

The Fifth Amendment right to counsel is triggered whenever a suspect requests that counsel be present during custodial interrogation. See Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, (1966); State v. Stephenson, 878 S.W.2d 530, 544 (Tenn. 1994).

When a defendant clearly requests an attorney during custodial interrogation, all questioning must cease until an attorney is present unless the defendant subsequently initiates further conversation with the authorities. Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S. Ct. 1880, 1884-85 (1981). This same test is utilized under both the Fifth and Sixth Amendment right to counsel. Michigan v. Jackson, 475 U.S. 625, 636, 106 S. Ct. 1404, 1411 (1986). When an accused has invoked his right to counsel, a valid waiver cannot be established simply by showing only that the accused responded to further police-initiated custodial interrogation even if advised of his rights. Edwards, 451 U.S. at 484.

The findings of fact made by the trial court at the hearing on a motion to suppress are binding upon this court unless the evidence contained in the record preponderates against them. State v. Ross, 49 S.W.3d 833, 839 (Tenn. 2001). The trial court, as the trier of fact, is able to assess the credibility of the witnesses, determine the weight and value to be afforded the evidence, and resolve any conflicts in the evidence. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). The prevailing party is entitled to the strongest legitimate view of evidence and all reasonable inferences drawn from that evidence. State v. Hicks, 55 S.W.3d 515, 521 (Tenn. 2001). However, this court is not bound by the trial court's conclusions of law. State v. Randolph, 74 S.W.3d 330, 333 (Tenn. 2002). The application of the law to the facts found by the trial court are questions of law that this court reviews

de novo. State v. Daniel, 12 S.W.3d 420, 423 (Tenn. 2000). The defendant has the burden of establishing that the evidence contained in the record preponderates against the findings of fact made by the trial court. Braziel v. State, 529 S.W.2d 501, 506 (Tenn. Crim. App. 1975).

In the series of events presented on appeal for our review, the defendant and another accused were taken into custody and questioned by a detective regarding a robbery. The defendant was handcuffed and seated in the robbery room of the Nashville-Metropolitan Police Department while the other accused was held in an interview room. During the questioning, the defendant invoked his right to have counsel present during the interrogation. The detective stopped questioning the defendant and went to the interview room to interview the other accused. The defendant was left handcuffed in the robbery room during the time the detective was interviewing the other suspect. After taking the statement of the other suspect, the detective returned to the defendant and informed him, "[s]he's told me everything about what you all done." The defendant then asked the detective to allow him to speak to the other suspect. The detective let them speak in a hallway where he could overhear their conversation. After speaking with the other suspect, the defendant told the detective, "Well, she's told you. I might as well go ahead and talk to you, too." The detective took the defendant to an interview room, advised him of his rights, and provided him a waiver of rights form. The defendant signed the waiver of rights form and provided a confession to the robbery. The defendant filed a motion to suppress his confession, alleging that it was improper based on his request for counsel. He contends on appeal that, because he never left the robbery office, he was continually under the control of the detective and that his statement cannot be considered voluntary.

The defendant relies on State v. Koffman, 207 S.W.3d 309, 319 (Tenn. Crim. App. 2006), a recent decision by a panel of this court to support his position that a statement is involuntary and therefore inadmissible if there is no break in custody from the time that a defendant requests counsel until the time the statements are made. However, the facts of this case are distinguishable from those in the Koffman decision. The chief difference in these two cases is that the police continued to question defendant Koffman when he requested counsel. In the case sub judice, there was a break in questioning. After the investigating officers terminate an interrogation following a request for counsel, an accused may later approach the authorities and express a willingness to reopen discussions. Oregon v. Bradshaw, 462 U.S. 1039, 103 S. Ct. 2830, 2835 (1983). Here, when the defendant requested counsel, the detective stopped the questioning. The conversation between the defendant and the detective regarding his involvement in the crime did not resume until the defendant told the detective he was ready to make a statement. The record does not preponderate against the trial court's finding that the defendant initiated conversation with the detective after he had invoked his right to counsel. The trial court properly denied the defendant's motion to suppress.

III. Admissibility of Photograph

Next, the defendant contends that the trial court erred in allowing a still photograph taken from the security tape of the service station. Initially, the State argues that the defendant failed to take care that the bench conference regarding his objection to the photograph was transcribed. The State contends that the failure to have the bench conference transcribed for the record has resulted

in an inadequate record for this court's review. Next, the State submits that the defendant did not object on the basis of the best evidence rule until this appeal and that this argument should therefore be waived. The State argues that the trial court properly admitted the photograph into evidence.

A trial court's ruling on the admissibility of photographs into evidence at trial will not be overturned on appeal except upon a clear showing of abuse of discretion. State v. Banks, 564 S.W.2d 947, 949 (Tenn. 1978). To be admissible, photographs must be relevant to some issue at trial and their probative value must outweigh their own prejudicial effect, if any. State v. Gann, 733 S.W.2d 113, 115 (Tenn. Crim. App. 1987).

The defendant argues that his objection to admission of the photograph was improperly overruled. However, he has failed to include a transcript of the bench conference because it was held "off-the-record," according to the trial transcript. It is well established that it is the duty of the accused to provide a record which conveys a fair, accurate, and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); see State v. Taylor, 992 S.W.2d 941 (Tenn. 1999). The State argues, and we agree, that here we not only lack a complete account of what happened, we lack any account. In the absence of an adequate record on appeal, we must presume the trial court's rulings were supported by sufficient evidence. Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979). Therefore, we are unable to review the actions of the trial court and must affirm their admission of the photograph.

The defendant's argument that the admission of the photograph was a violation of the best evidence rule is raised for the first time on appeal. In his brief, he states that he objected at trial because there was no chain of evidence to admit the photograph. The defendant did not argue the best evidence rule at trial. By failing to make a contemporaneous objection to testimony, a defendant waives appellate consideration of the issue. State v. Adler, 71 S.W.3d 299, 302 (Tenn. Crim. App. 2001); State v. Thompson, 36 S.W.3d 102, 108 (Tenn. Crim. App. 2000). This argument is waived due to failure to object at trial.

IV. Jury Instructions

The defendant argues that the trial court erred in failing to properly instruct the jury on theft of merchandise and alleges that he requested such an instruction. The State argues that the trial court properly charged the jury and contends that the record is void of any showing that the defendant requested such an instruction.

Tennessee Code Annotated section 40-18-110(c) (2006) provides that a defendant's failure to request an instruction of a lesser included offense in writing constitutes a waiver of the instruction for the lesser included offense. Absent a written request, the failure of the trial judge to instruct the jury on any lesser included offense may not be presented as a ground for relief either in a motion for new trial or on appeal. Id. The defendant has provided no proof that he requested a jury instruction on theft of merchandise. Therefore, he may not now gain relief based on the failure to instruct.

V. Trial Court Role as Thirteenth Juror

The defendant argues that the trial court erred in failing to dismiss the charge in its role as thirteenth juror, specifically alleging that the trial court failed to weigh the evidence. The State argues that the trial court sufficiently fulfilled its role and contends that this issue is not subject to review by this court. An appellate court may grant a new trial only where the trial court has failed to act as the thirteenth juror, as it is the only practical remedy. State v. Moats, 906 S.W.2d 431, 435 (Tenn. 1995). The accuracy of the trial court's determination as a "thirteenth juror" is not subject to appellate review. Id. The defendant argues that the trial court demonstrated a failure to weigh the evidence by failing to state a basis for saying it had no disagreement with the verdict. However, the trial court's statement that it had no disagreement is enough to demonstrate that it performed its duty as thirteenth juror. See State v. Carter, 896 S.W.2d 119, 122 (Tenn. 1995). This issue is without merit.

VI. Sentencing

The defendant argues that the trial court erred in sentencing him to the maximum in the sentencing range. The State argues that the trial court properly sentenced the defendant.

A defendant who challenges his or her sentence has the burden of proving the sentence imposed by the trial court is improper. T.C.A. § 40-35-401, Sentencing Commission Comments; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). When a defendant appeals the length, range, or manner of service of his or her sentence, it is this court's duty to conduct a de novo review of the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999).

The crux of the defendant's argument is that the enhancement and mitigating factors before the court were improperly applied. Specifically, he contends that the mitigating factors he submitted were not considered by the court. The weight given to each enhancement or mitigating factor is within the discretion of the trial court, assuming the trial court has complied with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002). The statutes prescribe no particular weight for an enhancement or mitigating factor. State v. Gosnell, 62 S.W.3d 740, 750 (Tenn. Crim. App. 2001). "[A] defendant's 'sentence is not determined by the mathematical process of adding the sum total of enhancing factors present then subtracting from this figure the mitigating factors present for a net number of years.'" State v. Alder, 71 S.W.3d 299, 306 (Tenn. Crim. App. 2001)(quoting State v. Boggs, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996)).

The transcript of the sentencing hearing reflects that the trial court specifically addressed the mitigating factors submitted by the defendant. The trial court has complied with the purposes and principles of the sentencing act, and we conclude that no error exists to alter the judgment of the trial

court. At the time of this trial, the defendant had ten prior felony convictions and twenty-six prior misdemeanor convictions. The trial court gave great weight to the enhancement factor regarding the defendant's prior record. The trial court was justified in sentencing the defendant to fifteen years in the Department of Correction; therefore, we affirm.

## Conclusion

Based on the foregoing and the record as a whole, we find no error exists and affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE